IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACK SHEPKOSKY<br>102 Quinton Road<br>Salem, NJ 08079<br><br>           Plaintiff,<br>     v.<br><br>HUNTER FAMILY CORPORATION D/B/A<br>HUNTER TRUCK SALES<br>480 Pittsburgh Road,<br>Butler PA 16002 | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Jack Shepkosky (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Hunter Family Corporation d/b/a Hunter Truck Sales (hereinafter "Defendant").

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Defendant of the Family Medical Leave Act ("FMLA"), and the New Jersey Law Against Discrimination ("NJLAD"). Defendant discriminated against Plaintiff and fired him in retaliation for requesting and accepting an accommodation in the form of intermittent leave due to his disability.  Defendant further failed to provide Plaintiff with individualized notice of his rights under the FMLA. Accordingly, Plaintiff asserts that Defendant interfered with his rights under the NJLAD.  As a result of these actions, Plaintiff suffered damages as set forth herein.

## PARTIES

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3. Plaintiff is an adult individual, with an address as set forth in the caption.

4. Defendant ("Defendant") is a business entity who is headquartered at the above captioned address.

5. At all times relevant herein, Plaintiff worked for Defendant at Swedesboro, New Jersey location, located at 2320 High Hill Road, Swedesboro, New Jersey.

6. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## JURISDICTION AND VENUE

7. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States. This Court has jurisdiction over Plaintiff's state law claim(s) because they are supplemental to Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

8. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

9. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. In or around 2010, Plaintiff began working as a salesman at International Parts and Service of South Jersey.

12. In or around August 2010, International Parts and Service of South Jersey was purchased by Ransome International.

13. Plaintiff continued his employment with Ransome International.

14. In or around June 2011, while working for Ransome International, Plaintiff was promoted to Service Manager.

15. In or around 2013, Plaintiff was diagnosed with disc degeneration disease, along with associated disc herniations, bulges, spinal stenosis and muscle spasticity and high blood pressure. (hereinafter Plaintiff's "medical condition.")

16. As a result of his Medical Condition, Plaintiff required ongoing care from his physician to treat same.

17. Thereafter, Plaintiff took time off on occasion from work to treat his medical condition.

18. In or around March 2015, Defendant purchased the dealership where Plaintiff worked from Ransome International (hereinafter the "Dealership").

19. The majority of the employees at the Dealership remained employed with Defendant following its acquisition of same.

20. Accordingly, upon purchase of the Dealership, Defendant became Plaintiff's successor employer.

21. Upon acquisition of the Dealership, Defendant hired General Manager Joseph Kelly.

22. At all times relevant hereto, Manager Kelly was Plaintiff's direct supervisor.

23. Shortly following Kelly's hire, Plaintiff advised Kelly of his Medical Condition and his need for intermittent leave, in the form of occasionally arriving late and/or leaving early, in order to seek treatment with his physician for same.

24. Defendant did not issue Plaintiff notification of his right to take FMLA leave related to his Medical Condition.

25. In or around October 2017, Plaintiff disclosed to Manager Kelly that he was in a consensual relationship with another employee, Ms. Jamie Covey.

26. Manager Kelly required Ms. Covey sign paperwork confirming the consensual relationship with Plaintiff.

27. Ms. Covey did so.

28. Thereafter, Ms. Covey reported to Manager Kelly instead of Plaintiff.

29. In or around December 2017, Plaintiff became engaged to Ms. Covey after about eight months of openly dating.

30. Manager Kelly and other employees congratulated Plaintiff and Ms. Covey for their engagement.

31. Plaintiff and Ms. Covey were one of many couples who worked for Defendant.

32. By way of example,
    a. Lucky Kline and Jennifer Kline were both employed by Defendant and also married;
    b. Tom Grogan and Carol DeAngelo were both employed by Defendant and dating;
    c. Jeff Walters and Renee Walters were both employed by Defendant and also married;

      d. and Ed Kuzniasz and Karen Kuzniasz were both employed by Defendant and also married.

33. From January 2018 through May 2018, Plaintiff required leave from work on approximately six occasions to seek treatment for his Medical Condition.

34. Each time Plaintiff required leave from work to seek treatment for his Medical Condition, he advised Defendant of same.

35. Defendant did not designate Plaintiff's leaves of absence for his Medical Condition as FMLA-protected.

36. On April 20, 2018, Plaintiff left work early to seek treatment with his physician for his Medical Condition.

37. Prior to his early departure, Plaintiff again advised Defendant that his absence was due to his need to seek treatment for his Medical Condition.

38. On May 3, 2018, General Manager Joseph Kelly ("Manager Kelly") fired Plaintiff.

39. Manager Kelly claimed that Plaintiff's relationship with Ms. Covey was in violation of its fraternization policy.

40. Defendant's identified reason for termination was pretextual.

41. In fact, Defendant fired Plaintiff because of his Medical Condition and/or in retaliation for requesting and utilizing an accommodation for his Medical Condition, and/or because of his request for an FMLA-qualifying leave of absence.

42. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT I
### Violations of the Family and Medical Leave Act
**(Interference)**

43. The foregoing paragraphs are incorporated herein as if set forth in full.

44. Plaintiff was an eligible employee under the definitional terms of the FMLA.

45. Plaintiff was employed by Defendant for at least twelve (12) months.

46. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) month period preceding his request for leave.

47. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2016, 2017, and 2018.

48. Plaintiff's Medical Condition constituted a serious health condition.

49. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks of leave, and Defendant was not permitted to retaliate against Plaintiff for exercising his rights under the FMLA.

50. Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff to prevent him from taking an FMLA leave of absence.

51. Defendant interfered with Plaintiff's FMLA rights by failing to provide the mandated individualized notice of his right to take FMLA leave.

52. As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

## COUNT II
### Violations of the Family and Medical Leave Act
**(Retaliation)**

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. Defendant retaliated against Plaintiff by firing him for requesting intermittent leave which was FMLA-qualifying

55. As a result of Defendant's actions as described above, Defendant violated the FMLA causing Plaintiff to suffer damages.

### COUNT III
### NJLAD
### (Disability Discrimination)

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. At all times relevant, Plaintiff's disabilities rendered him an individual with a disability under the NJLAD.

58. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

59. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the NJLAD.

60. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the NJLAD.

61. The NJLAD prohibits employers, such as Defendant, from discriminating or taking adverse action against an employee on the basis of a disability.

62. Discrimination against an employee because of his disability constitutes disability discrimination under the NJLAD.

63. Defendant violated Plaintiff's rights under the NJLAD by firing Plaintiff because he suffered from a disability.

64. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
## Violation of the NJLAD
## (Failure to Accommodate)

65. The foregoing paragraphs are incorporated herein as if set forth in full.

66. Plaintiff asked for an accommodation for his disability in the form of time of light-schedule modifications to seek treatment with his physician.

67. Defendant failed to grant Plaintiff's request by ultimately firing Plaintiff in retaliation for requesting and accepting the accommodation and/or because of his disability.

68. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT V
## Violation of the NJLAD
## (Retaliation)

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. At all times relevant herein, Plaintiff was perceived by Defendant to be suffering from a disability.

71. Plaintiff asked for an accommodation for his disability in the form of time of light-schedule modifications to seek treatment with his physician.

72. Defendant failed to grant Plaintiff's request by ultimately firing Plaintiff in retaliation for requesting and accepting the accommodation and/or because of his disability.

73. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, need for an accommodation;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F. Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Manali Arora*
Manali Arora, Esq.
Richard S. Swartz, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
(856) 685-7420
(856) 685-7417 - Facsimile

Dated: February 7, 2019